# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE L. BERRYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:11-cv-01911-RCJ-PAL |
| vs. ) | |
| ) | |
| CAESAR'S PALACE, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This case arises out of the termination of a temporary employee. Defendant has moved to dismiss for preemption under § 301 of the Labor Management Relations Act ("LRMA") and for failure to state a claim, and in the alternative for summary judgment. For the reasons given herein, the Court grants the motion in part, dismissing all claims except the defamation claim, but granting summary judgment as against that claim.

## I.   FACTS AND PROCEDURAL HISTORY

Beginning on or about November 20, 2010, Defendant Caesars Palace employed Plaintiff George L. Berryman pursuant to a six-month contract, at the conclusion of which Plaintiff was eligible to bid for full-time employment. (Compl. ¶ 6, Nov. 1, 2011, ECF No. 1-1, at 8). At the end of the six-month period, Plaintiff exercised his option to bid for full-time employment, but

1  after taking a required drug screening test, Defendant, the laboratory (the "Lab"),[1] or some other
2  entity[2] informed Plaintiff the results were "unusual." (*Id.* ¶¶ 7–9). This party told Plaintiff such
3  results are often laboratory errors, and that he could request a retest for an additional fee.
4  (*Id.* ¶¶ 9–10). Plaintiff had never used drugs, so he chose to retest and asked Defendant, through
5  his union representative, to authorize the retest, but after two weeks the Lab called Plaintiff and
6  told him Defendant had not approved the retest, so it would submit the original results to
7  Defendant as "inconclusive." (*Id.* ¶¶ 9, 11–12). A few hours later, Plaintiff's supervisor
8  informed him Defendant had terminated him but that he could be reinstated if scheduled an
9  independent test and the results were negative. (*Id.* ¶¶ 12–13). Plaintiff scheduled an
10 independent test, and the results were negative, but Defendant informed him his job had already
11 been filled, that he would not be reinstated, and that his personnel file would continue to reflect
12 that he was terminated for an inconclusive drug test. (*Id.* ¶ 14). Plaintiff filed a grievance with
13 his union, which was denied for untimeliness. (*Id.* ¶ 15). An administrative law judge denied
14 Defendant's objection to Plaintiff's unemployment application because Defendant was unable to
15 produce any documentary evidence in support of its contention that Plaintiff was terminated for a
16 failed drug test. (*Id.* ¶ 16). Plaintiff has since applied for employment with several hotels in the
17 Las Vegas area but has been rejected due to the statement in Defendant's personnel file that
18 Plaintiff had failed a drug test. (*Id.* ¶ 17).
19     Plaintiff sued Defendant for damages in state court on three causes of action: (1)
20 wrongful termination; (2) fraud; and (3) defamation. Defendant removed based on complete
21 preemption under § 301 of the LMRA and has now moved to dismiss based upon preemption

---

[1] Plaintiff does not identify the laboratory in the Complaint. In the present motion, Defendant identifies the Lab as Quest Diagnostics and alleges Plaintiff tested positive for Methamphetamine. (*See* Mot. Dismiss 8:4–5, Nov. 29, 2011, ECF No. 4).

[2] Plaintiff uses the passive voice in the Complaint and does not allege who contacted him about the test results.

and failure to state a claim, and in the alternative for summary judgment.

## II.   LEGAL STANDARDS

### A.   Dismissal

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B.     Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2)

1  by demonstrating that the nonmoving party failed to make a showing sufficient to establish an

2  element essential to that party's case on which that party will bear the burden of proof at trial.

3  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden,

4  summary judgment must be denied and the court need not consider the nonmoving party's

5  evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

6       If the moving party meets its initial burden, the burden then shifts to the opposing party

7  to establish a genuine issue of material fact.  *See Matsushita Elec. Indus. Co. v. Zenith Radio*

8  *Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing

9  party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

10 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

11 versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

12 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment

13 by relying solely on conclusory allegations that are unsupported by factual data.  *See Taylor v.*

14 *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions

15 and allegations of the pleadings and set forth specific facts by producing competent evidence that

16 shows a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

17      At the summary judgment stage, a court's function is not to weigh the evidence and

18 determine the truth, but to determine whether there is a genuine issue for trial.  *See Anderson*, 477

19 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are

20 to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely

21 colorable or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

22 **III.  ANALYSIS**

23     **A.  Preemption**

24        [T]he pre-emptive effect of § 301 must extend beyond suits alleging contract
       violations. . . .  Thus, questions relating to what the parties to a labor agreement
25        agreed, and what legal consequences were intended to flow from breaches of that

1
2     agreement, must be resolved by reference to uniform federal law, whether such
      questions arise in the context of a suit for breach of contract or in a suit alleging
      liability in tort.

3  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11 (1985). But not all claims arising out of

4  an employment relationship governed by a collective bargaining agreement ("CBA") are

5  preempted. "[A]s long as the state-law claim can be resolved without interpreting the agreement

6  itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle v.*

7  *Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988).

8       The wrongful discharge and defamation claims are relatively easy to resolve. First,

9  wrongful discharge claims are precisely the kinds of claims that are usually preempted, since

10 such claims typically amount to allegations that an employer has breached a CBA. *See Paige v.*

11 *Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987). Wrongful discharge claims are not

12 preempted, however, if premised upon a discharge in violation of the public policy of the state.

13 *See Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237–38 (9th Cir. 1990) (citing *Lingle*, 486

14 U.S. at 412–13) (finding that a wrongful discharge claim was not preempted where it was based

15 upon an allegation that an employer had failed to accommodate an employee's religious

16 practices in violation of a California statute announcing the state's policy against religious

17 discrimination in employment, even where the CBA also prohibited religious discrimination,

18 because application of the state law did not require interpretation of the CBA). Plaintiff does not

19 allege having been discharged in violation of any public policy of the state, but bases

20 Defendant's alleged wrongdoing upon its failure to timely approve his drug retest or to rehire

21 him after he submitted his independent test results. This constitutes a claim of breach of the

22 CBA. Plaintiff includes a copy of the April 1, 2004 through March 31, 2009 CBA in his

23 response. (*See* CBA, ECF No. 6, at 13). The CBA was to be extended automatically year-to-year

24 thereafter by its own terms unless one party took action to prevent extension, (*see* CBA § 30.10,

25 at 47, ECF No. 4-1, at 55), which neither party alleges occurred. The wrongful termination

claim is therefore preempted, and the Court dismisses it.

Second, in a case similar to the present one, the Ninth Circuit ruled that § 301 did not preempt a state law defamation claim based upon an employer's publication of an accusation that a past employee had bought drugs on the job. *See Tellez v. Pac. Gas & Elec. Co., Inc.*, 817 F.2d 536, 538 (9th Cir. 1987) ("This claim neither asserts rights deriving from the collective bargaining agreement, nor requires interpretation of the agreement's terms."). The defamation claim is therefore not preempted.

Third, the fraud claim is based upon the allegation that "Defendant placed false and inaccurate information pertaining to a standard drug screening test in Plaintiff's Personnel File intending to justify Defendant's termination of Plaintiff's employment and to prevent him from attaining employment in other hotels in the area." (Compl. ¶ 27). Fraud claims are preempted under § 301 if they are "inextricably intertwined with terms in a labor contract." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000). Here, the alleged fraud is based upon the putting of false and inaccurate information in Plaintiff's personnel file. It is not clear whether any term of a CBA would specifically govern the accuracy of papers in Plaintiff's personnel file. But this claim appears to be closely linked to the drug-testing policy and the policy of terminating employees who fail drug tests. The Court finds that this claim is preempted.

Where a federal court believes that no claims in a complaint are preempted (and if there is no other basis for federal jurisdiction), the court must remand and permit the state court to rule on any substantive defenses of preemption. *See Whitman v. Raley's, Inc.*, 886 F.2d 1177, 1181 (9th Cir. 1989). However, where at least one claim in a complaint is preempted under the complete preemption doctrine, a federal court has supplemental jurisdiction even over those state law claims that are not preempted, so long as those claims are sufficiently related to the same case or controversy. *See Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102,

1112–13 & n.7 (9th Cir. 2011) (citing 28 U.S.C. § 1367(a)). That is the case here. The wrongful termination and fraud claims are preempted. The defamation claim is not, but it is sufficiently related to the preempted claims. The Court therefore has jurisdiction to rule on it.

### B. The Merits

The defamation claim is not preempted and is sufficiently pled, though the Court will grant summary judgment against this claim. "A defamation claim requires demonstrating (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005). Plaintiff alleges that Defendant made a false statement of fact by informing other prospective employers that he had been terminated for a failed drug test. (*See* Compl. ¶¶ 33–35). He properly alleges falsity, because he alleges that although the results from the Lab were "unusual" or "inconclusive," (*see id.* ¶¶ 9, 12), Defendant has reported the results as "failed," (*see id.* ¶ 18). He has also sufficiently alleged a defamatory statement, because a statement that a person is an illegal drug user would tend to lower one's standing in the community. Plaintiff also sufficiently alleges communication to third persons, i.e., prospective employers. (*See id.* ¶ 35). He also alleges damages, i.e., lost employment opportunities. (*See id.* ¶¶ 35–36). And because the statement implies the commission of a crime, damages are presumed. *See Pope*, 114 P.3d at 282 & n.26 (citing *K–Mart Corp. v. Washington*, 866 P.2d 274, 282 (Nev. 1993)). Plaintiff alleges at least negligence, because he claims that Defendant refused to amend his file even when given a copy of the negative test results. (*See id.* ¶ 33). The Court will therefore not dismiss the defamation claim.

Still, Defendant is entitled to summary judgment. Defendant adduces the declaration of Tarry Hubbard, "Employee Relations/Labor Relations Manager for Caesars Palace," who attests that Plaintiff in fact tested positive for Methamphetamine. (*See* Hubbard Decl. ¶¶ 2, 7, Nov. 29,

1  2011, ECF No. 4-1, at 1). Defendant also adduces a copy of the lab report from Quest

2  Diagnostics to Harrah's Casinos indicating that Plaintiff tested "positive" for methamphetamine.

3  (*See* Lab Report, Mar. 21, 2011, ECF No. 4-1, at 75). Defendant has therefore met its initial

4  burden, and Plaintiff has not met his shifted burden, having produced no contrary evidence.

## CONCLUSION

6  IT IS HEREBY ORDERED that the Motion to Dismiss or for Summary Judgment (ECF

7  No. 4) is GRANTED. All claims are dismissed except the claim for defamation. The Court

8  grants summary judgment in favor of Defendant on the defamation claim.

9  IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

10  IT IS SO ORDERED.

11  Dated this 24th day of February, 2012.

_____
ROBERT C. JONES
United States District Judge